UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CSHM LLC | ) | |
| | ) | |
| | ) | |
| v. | ) | NO. 3:14-1557 |
| | ) | JUDGE CAMPBELL |
| | ) | |
| SMALL SMILES OF RENO, LLC and | ) | |
| JAMES L. MANN | ) | |

TEMPORARY RESTRAINING ORDER

Pending before the Court is Plaintiff's Emergency Motion For Temporary Restraining Order (Docket No. 9). Through the Motion, the Plaintiff requests that the Court issue a Temporary Restraining Order ("TRO") requiring the Defendants to cooperate in CSHM's efforts to market and sell its interest in a Second Amended and Restated Management Services Agreement ("MSA"), including by permitting disclosure of financial information concerning the Small Smiles dental clinic for purposes of that sales effort.

Also pending before the Court is the Defendants' Motion To Stay (Docket No. 17), requesting that the Court stay this case pending the outcome of a parallel action pending in Nevada state court.

The Court held a hearing on the Motions on August 4, 2014 at 11:00 a.m., which was attended by counsel for all parties.

For the reasons described at the hearing and below, the Motion For TRO (Docket No. 9) is **GRANTED** on the limited terms and conditions stated herein.

The Motion To Stay is **DENIED** for purposes of the Motion For TRO, but will be considered in conjunction with the relief requested by the Motion For Preliminary Injunction.

In determining whether to issue a TRO pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *Abney v. Amgen, Inc*., 443 F.3d 540, 546 (6th Cir. 2006).

Based on the Motion, pleadings, exhibits, affidavits, briefs, representations of counsel and the entire record, the Court finds:

(1)    Plaintiff has demonstrated a strong or substantial likelihood of success on the merits of its claim for breach of contract regarding Defendants' lack of cooperation regarding the sale of the MSA (Docket No. 11-10);

(2)    Plaintiff has demonstrated that it will suffer immediate and irreparable injury, harm, loss, or damage if injunctive relief is not granted pending trial. Specifically, the Court finds the Exclusion Agreement (Docket No. 11-9) sets an Exclusion Date of September 30, 2014 for the divestiture of the MSA. Lack of cooperation puts the MSA asset at risk;

(3)    the balance of relative harms among the parties weighs in favor of Plaintiff against Defendants. Specifically, the Court finds the Defendants' interests are protected by confidentiality agreements; and

(4)    the public interest will not be harmed by injunctive relief pending a preliminary injunction hearing.

It is, therefore, ORDERED that, pursuant to Federal Rule of Civil Procedure 65, upon Plaintiff posting a bond in the amount of $40,000, in a form satisfactory to the Clerk of Court, that: Defendants are hereby enjoined and ordered to: (1) cooperate with CSHM in the event

CSHM elects to release clinic records or related information, subject to confidentiality agreements; (2) allow clinic visits by third parties in conformity with federal and state privacy laws; and (3) cooperate in third party visits to clinics, pending further order of the Court.

This Order binds the following persons who have actual notice of it, pursuant to Fed. R. Civ. P. 65(d)(2): the parties, the parties' officers, agents, servants, employees, attorneys and any other persons in active concert with such persons.

This Temporary Restraining Order is effective upon its issuance on August 4, 2014, at 1:00 p.m., and expires on August 18, 2014 absent further order of the Court.

In accordance with Fed. R. Civ. P. 65(b)(3), the Court will hold a preliminary injunction hearing on August 12, 2014, beginning at 1:00 p.m.

The parties shall file with the Court by August 11, 2014, at 9:00 a.m., the following pertaining to the preliminary injunction hearing: (1) any affidavits; (2) witness lists; (3) exhibit lists; (4) any depositions and/or deposition designations; (5) any stipulations; (6) any motions in limine; and (7) any supplemental briefs. No witness shall testify live at the preliminary injunction hearing unless the party calling such witness to testify has identified and made that witness available for a deposition prior to the hearing. The parties shall brief the issue of the transferability of the MSA.

       IT IS SO ORDERED.

                                                     TODD J. CAMPBELL
                                                     UNITED STATES DISTRICT JUDGE